IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| NICKOLAS WOLFFORD | § | |
| VS. | § | CIVIL ACTION NO. 9:24-cv-31 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Nickolas Wolfford, an inmate at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

On August 19, 2019, in cause number 19CR-019 before the 349th Judicial District Court of Houston County, Texas, following a plea of guilty, Petitioner was convicted of Assault of a Public Servant, a second degree felony. Petitioner was sentenced to a term of nine years' confinement in the Texas Department of Criminal Justice. Petitioner did not file a direct appeal of his conviction or sentence.

On November 6, 2023, Petitioner states he filed his first state Application for Writ of Habeas Corpus raising ten grounds for relief. Petitioner asserts that the Application was dismissed by the Texas Court of Criminal Appeals on December 20, 2023.

On December 18, 2023, Petitioner states he filed his second state Application for Writ of Habeas Corpus. Petitioner asserts that this Application was denied by the Texas Court of Criminal Appeals on January 10, 2024.

## The Petition

Petitioner brings this Petition asserting the following grounds for relief: (1) he was denied due process when the court coordinator signed a motion to remove and appoint new counsel instead of Petitioner or counsel signing the motion; (2) his indictment was enhanced from a third degree felony to a second degree felony without due process and in violation of the Double Jeopardy Clause; and (3) trial counsel provided ineffective assistance of counsel.

## Analysis

*Limitations*

Title 28 U.S.C. § 2244 imposes a one-year statute of limitations for the filing of a habeas corpus Petition seeking relief from a state court conviction. Specifically, 28 U.S.C. § 2244(d)(1) provides in pertinent part the following:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner pleaded guilty to the charge against him and was convicted on August 19, 2019. Petitioner did not appeal his conviction or sentence. Therefore, Petitioner's conviction became final on September 18, 2019.[1] Accordingly, Petitioner's federal Petition was due on or before September 18, 2020, absent any tolling.

Petitioner filed his first Application for Writ of Habeas Corpus in state court on November 6, 2023. His second Application was filed on December 18, 2023. However, a state Application for Writ of Habeas Corpus which is filed after the federal limitations period has expired does not revive any portion of the fully-expired limitations period. *See Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999). As both of Petitioner's state Applications for Writ of Habeas Corpus were not filed until after the expiration of the one-year limitations period, the Petitions did not serve to toll the limitations period.

Petitioner filed the above-styled federal Petition for Writ of Habeas Corpus on January 24, 2024.[2] However, the applicable statute of limitation expired more than three years earlier. As a

---

[1] If no appeal is filed, a conviction becomes final 30 days after the trial court imposes the sentence or the sentence is suspended in open court. TEX. R. APP. P. 26.2(a)(1).

[2] A *pro se* prisoner's habeas Petition is deemed filed, for purposes of determining the applicability of the AEDPA, when he delivered the papers to prison authorities for mailing. *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002); *Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998). Petitioner did not declare the date on which he placed the Petition in the prison mailing system. However, Petitioner stated that he executed the document on January 24, 2024. Therefore, the earliest the Petition could have been placed in the prison mailing system is January 24, 2024. Accordingly, while not a determining factor in this action, the Petition will be deemed filed on the date it was executed.

result, the Petition for Writ of Habeas Corpus is barred by the applicable period of limitations and should be dismissed.[3]

## Recommendation

Petitioner's Petition for Writ of Habeas Corpus should be dismissed as barred by limitations.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 8th day of February, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

---

[3] The court notes the Petition is absent any allegations that exceptional circumstances existed such as to potentially warrant the application of equitable tolling.