| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

NICKOLAS WOLFFORD, §
　　　　　　　　　　　　　　　§
　　　　Petitioner, §
　　　　　　　　　　　　　　　§
*versus* 　　　　　　　　　　§　　CIVIL ACTION NO. 9:24-CV-31
　　　　　　　　　　　　　　　§
DIRECTOR, TDCJ-CID, §
　　　　　　　　　　　　　　　§
　　　　Respondent. §

**MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Nickolas Wolfford, an inmate confined at the Polunsky Unit, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends dismissing the petition as barred by limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes Petitioner's objections are without merit.

Petitioner seeks an evidentiary hearing in this case to overcome the statutory one-year limitations bar. Petitioner claims ground one for review is a new ground and should waive the limitations bar. The evidence for ground one of his petition, however, was in existence at the time of his conviction or could have been discovered through the exercise of due diligence. Accordingly, petitioner is not entitled to tolling of the limitations period. *See* 28 U.S.C. § 2244(d)(1)(D). Further, to the extent petitioner's request may be interpreted as requesting an evidentiary hearing for other reasons, federal habeas courts are not an alternative forum for trying

facts and issues which were insufficiently developed in state proceedings. *Williams v. Taylor*, 529 U.S. 420, 437 (2000). Finally, under *Cullen v. Pinholster*, federal habeas review under 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Petitioner also asserts he is actually innocent of the offense. In *McQuiggin v. Perkins,* 569 U.S. 383 (2013), the Supreme Court resolved a split among circuit courts by holding that a habeas petitioner can overcome the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") statute of limitations by making a convincing showing of actual innocence. *McQuiggin,* 569 U.S. at 386 (referencing 28 U.S.C. § 2244(d)(1)). The Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *Id.* However, to utilize the court-created gateway, a petitioner is required to produce new evidence sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" when attempting to overcome the expiration of the AEDPA statute of limitations by showing actual innocence. *Id.* (quoting *Schlup v. Delo,* 513 U.S. 298, 329 (1995)). *McQuiggin* also held that an unjustifiable delay on the part of a habeas petitioner, while not to be counted as "an absolute barrier to relief," should still be considered as a "factor in determining whether actual innocence has been reliably shown." *Id.* at 387.

Here, petitioner is attempting to raise a freestanding claim of actual innocence, which is not a valid ground for federal habeas relief. Absent a claim of constitutional error supporting a claim of actual innocence, a freestanding claim of actual innocence relevant to the guilt of a state prisoner does not state a basis for federal habeas relief. *See In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009); *Lucas v. Johnson*, 132 F.3d 1069, 1075-76 (5th Cir. 1998). Petitioner has presented no newly-discovered evidence that would have resulted in a different decision by the trial court. Petitioner has neither made a convincing showing of actual innocence nor explained the unjustifiable delay in this case. Petitioner's statement that he needed additional time to

research and study his case due to his *pro se* status does not excuse the delay in filing this petition. It is well settled that ignorance of the law and lack of legal assistance, even for an incarcerated *pro se* prisoner, generally do not excuse late filing. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Therefore, petitioner's objections should be overruled, and this petition should be dismissed as barred by limitations.

Additionally, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the petitioner are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Thus, the petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Therefore, a certificate of appealability shall not be issued.

**ORDER**

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 30th day of May, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE